UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 22-117 RDM |
| | : | |
| **DONALD HAZARD,** | : | |
| | : | |
| Defendant. | : | |

## JOINT STATUS REPORT AND MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through the United States Attorney, hereby submits this joint status report, pursuant to this Court's minute order of May 20, 2022, and further moves this Court to exclude the time within which the trial in this matter must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. for an additional 60 days, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv) from the date this Court enters an Order on this motion through and including the date of the next hearing. The Government states as follows:

### FACTUAL BACKGROUND AND CURRENT CASE STATUS

As this Court is aware, Defendant is charged via indictment with felony and misdemeanor offenses related to crimes that occurred at the United States Capitol on January 6, 2021, including violations of 18 U.S.C. §§ 1512(c)(2), and 2, Obstruction of an Official Proceeding and Aiding and Abetting; 18 U.S.C. § 231(a)(3), Civil Disorder; 18 U.S.C § 111(a)(1) and (b), Assaulting, Resisting, or Impeding Certain Officers or Employees (resulting in bodily injury); 18 U.S.C § 111(a)(1), Assaulting, Resisting, or Impeding Certain Officers or Employees;18 U.S.C. §

1752(a)(1), (2), and (4), Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Knowingly Committing an Act of Physical Violence in any Restricted Building or Grounds; 40 U.S.C. § 5104(e)(2)(D) and (F), Violent Entry and Disorderly Conduct in the Capitol Grounds or Buildings and engaging in an Act of Physical Violence in the Capitol Grounds or Buildings.  The parties are seeking exclusion of additional speedy trial time based on the following: (1) the United States has provided the majority of individualized discovery to Defendant, though it continues to provide global discovery generated from other sources;  (2) after disclosure of the bulk of discovery, the Government extended a plea offer to Defendant with an expiration date of July 29, 2022; (3) Defendant's counsel now must engage in meaningful discussions with Defendant about the plea offer; (4) failing successful plea negotiations and taking into account the exercise of due diligence, the Defendant and the Government will further need reasonable time necessary to prepare for trial.

      To date, the Government has provided the majority of the most relevant individualized discovery to defense counsel.  The Government is also continuing to provide global discovery in the form of evidence from other charged defendants' devices, social media accounts, and other sources which have not yet been identified or examined, the latest of which was disclosed on June 28, 2022 (Global Disclosure No. 16). The Government extended a plea offer to Defendant on June 27, 2022.  The parties are requesting an additional 60 days to allow counsel for the Defendant an adequate time period to review and consider the plea offer made and to discuss the offer with her client. The offer could very well result in an agreeable resolution that would ultimately preserve

judicial resources. Should the parties be unable to reach resolution, they will thereafter inform the Court.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to the tolling of the Speedy Trial Act, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).  Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).  Finally, an interests-of-justice finding is within the discretion of the Court.  *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The need for a reasonable time to continue to review voluminous discovery produced is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to exclude the time under the Speedy Trial Act.  *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). The Defendant would also like the additional time to review and consider the outstanding plea offer and would like at least to the current deadline to consider his options, particularly considering the seriousness of the charges he faces.  Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the Defendant in a speedy trial.

Government's counsel notified Defendant's counsel of the filing of this status report and motion, and she joins on behalf of her client as to both.

WHEREFORE, the Government respectfully requests that this Court toll an additional 60 days from the date this Court enters an Order on this motion through and including the date of the next hearing, and that the Court exclude the time within which the trial must commence under the

Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    DC Bar No. 481052


    By: /s/ *Jennifer M. Rozzoni*
    JENNIFER M. ROZZONI
    NM Bar No. 14703
    BENET J. KEARNEY
    NY Bar No. 4774048
    Assistant United States Attorneys - Detailed
    United States Attorney's Office
    203 3rd Street, Suite 900
    Albuquerque, New Mexico 87102
    Tel. No. 505-350-6818
    jennifer.m.rozzoni@usdoj.gov
    benet.kearney@usdoj.gov