# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **22 Cr. 117 (RDM)** |
| | : | |
| **DONALD HAZARD,** | : | |
| | : | |
| **Defendant.** | : | |

## JOINT STATUS REPORT AND MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through the United States Attorney, and defendant Donald Hazard, by and through his attorney, Ubong Akpan, Esq., hereby submit this joint status report and requests that the Court schedule this case for trial on February 13, 2023 and enter a scheduling order as outlined below. The United States further moves this Court to exclude the time from the date this Court enters an Order on this motion through and including February 6, 2023, from the time within which the trial in this matter must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). The parties state as follows:

### FACTUAL BACKGROUND AND CURRENT CASE STATUS

As this Court is aware, Defendant is charged via indictment with felony and misdemeanor offenses related to crimes that occurred at the United States Capitol on January 6, 2021, including violations of 18 U.S.C. §§ 1512(c)(2), and 2, Obstruction of an Official Proceeding and Aiding and Abetting; 18 U.S.C. § 231(a)(3), Civil Disorder; 18 U.S.C § 111(a)(1) and (b), Assaulting, Resisting, or Impeding Certain Officers or Employees (resulting in bodily injury); 18 U.S.C §

111(a)(1), Assaulting, Resisting, or Impeding Certain Officers or Employees; 18 U.S.C. § 1752(a)(1), (2), and (4), Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Knowingly Committing an Act of Physical Violence in any Restricted Building or Grounds; 40 U.S.C. § 5104(e)(2)(D) and (F), Violent Entry and Disorderly Conduct in the Capitol Grounds or Buildings and engaging in an Act of Physical Violence in the Capitol Grounds or Buildings.

The Government and counsel for the defendant are still engaged in negotiations regarding a potential plea agreement; however, should these negotiations not be successful, the defendant wishes to proceed to trial in February 2023.  At the last conference in this matter, on November 1, 2022, the Court reserved the period from February 3, 2023 through February 24, 2023 on its calendar.  Defense counsel currently has trials scheduled to commence on January 31, 2023 and February 27, 2023 and expects that the January 31 trial will last less than one week.  Counsel for the Government currently has a trial scheduled to commence on March 6, 2023.  The Government estimates that its case in this matter will last approximately one week.  The parties therefore respectfully request that the Court schedule this case for trial starting on February 13, 2023 and enter a scheduling order as follows:

- The parties shall file dispositive motions (including motions to dismiss the indictment and motions to suppress) by December 9, 2022.  Oppositions shall be filed by December 23, 2022 and replies shall be filed by December 30, 2023.

- The parties shall file any additional pre-trial motions (including motions in limine) by December 30, 2022.  Oppositions shall be filed by January 13, 2023 and replies shall be

filed by January 20, 2023.

- The United States should endeavor to make grand jury and Jenks Act disclosures as to each witness it expects to call in its case -in-chief on or before January 30, 2023.  Any *Brady* material not already disclosed must be disclosed by this date.

- On or before January 30, 2023, the parties shall file a Joint Pretrial Statement that contains the following:

    a.    <u>Proposed *voir dire* questions.</u>  The parties should indicate the *voir dire* questions on which they agree, and the *voir dire* questions on which they disagree with specific objections and relevant legal authority noted below each disputed question.

    b.    <u>A neutral statement of the case</u>.  The parties shall include a neutral statement of the case for the Court to read to prospective jurors.

    c.    <u>Proposed jury instructions.</u>  The parties shall submit a list of all standard jury instructions from the "Red Book" (Criminal Jury Instructions for D.C. (Barbara A. Bergman ed., May 2016 ed.)) that they wish to include in the final instructions.  The parties need not submit the full text of any standard jury instruction but should provide the full text of (1) any modified standard jury instruction, with the proposed modification(s) redlined, and (2) any non-standard jury instruction they wish to have the Court include.  As to each non-standard jury instruction, the sponsoring party should cite legal authority for the proposed instruction, and the non-sponsoring party should state any objection to the instruction, including any proposed modifications.

3

    **d.**   <u>Proposed Trial Exhibits.</u>  The parties shall include an exhibit list that each side anticipates it may introduce in its case-in-chief.  The parties need not list any exhibit that might be used for purposes of impeachment.

    **e.**   <u>List of witnesses.</u>  The parties shall identify the witnesses that each side anticipates it may call in its case-in-chief.  Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity.

- The Court will schedule hearings on any motions filed by the parties as necessary and will hold a pretrial conference the week of February 6, 2023.

The Government has provided relevant, individualized discovery regarding this case to defense counsel, and continues to produce discovery as materials are identified.  For example, on November 22, 2022, the Government produced two videos depicting the defendant on the Capitol grounds, as well as a list of public source materials depicting the defendant.  The Government is also continuing to provide global discovery in the form of evidence from other charged defendants' devices, social media accounts, and other sources which have not yet been identified or examined, the latest of which was disclosed on November 22, 2022 (Global Disclosure No. 22).

Although certain portions of the time between the filing of this status report and the date of trial will be excluded due to the briefing of motions, the Government is seeking exclusion of the entire time period based on the parties' need adequately to prepare for trial.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence.  As is relevant to the tolling of the Speedy Trial Act, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted.  *Id.*  Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i)     Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .

> (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).  Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).  Finally, an interests-of-justice finding is within the discretion of the Court.  *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

5

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The need for a reasonable time to continue to review voluminous discovery produced is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). The parties also need additional time to prepare for trial.  Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the Defendant in a speedy trial.

Government's counsel notified Defendant's counsel of the filing of this status report and motion. Defense counsel joins on behalf of her client as to the status report and takes no position on the speedy trial motion.

WHEREFORE, the Government respectfully requests that this Court schedule trial in this matter for February 13, 2023.  The Government further requests that the Court exclude from the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., the time from the date this Court enters an Order on this motion through and including the date of trial on the basis that the ends of justice served by taking such actions outweigh the best interest

of the public and Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. §

3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: /s/ *Benet J. Kearney*
JENNIFER M. ROZZONI
NM Bar No. 14703
BENET J. KEARNEY
NY Bar No. 4774048
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
jennifer.m.rozzoni@usdoj.gov
benet.kearney@usdoj.gov

7